Filed 5/4/23 P. v. Perez CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE PEREZ III,<br><br>    Defendant and Appellant. | F083659<br><br>(Super. Ct. No. BF124350B)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County. Michael G. Bush, Judge.

Sharon G. Wrubel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Peña, J. and Snauffer, J.

## INTRODUCTION

Defendant Jesse Perez III appeals following resentencing. He argues remand for further resentencing is required for the court to exercise its recently afforded discretion under Assembly Bill No. 518 (2021-2022 Reg. Sess.), statutes 2021, chapter 441 (Assembly Bill No. 518), amending Penal Code[1] section 654, and Senate Bill No. 567 (2021-2022 Reg. Sess.), statutes 2021, chapter 731 (Senate Bill No. 567), amending section 1170. The People concede defendant is entitled to remand for the court to exercise its discretion under Assembly Bill No. 518. Accordingly, the People contend we need not decide the applicability of Senate Bill No. 567, inasmuch as defendant may raise these arguments in a full resentencing proceeding on remand.

We accept the People's concession with regard to Assembly Bill No. 518 and will remand for resentencing. We do not reach defendant's arguments regarding Senate Bill No. 567.

## FACTUAL AND PROCEDURAL HISTORY

In this court's opinion on defendant's direct appeal, we described the facts leading to his convictions as follows:

> "On July 18, 2008, [defendant and his co-defendant, Juan Efren Prado], both Norte[ñ]o criminal street gang members, drove around town in a pickup truck stolen from the City of Delano until they found Salvador Gandarilla, Luis [C.[2]], and brothers Carlos [R.] and Alejandro [R.] standing outside the [R.] residence. Prado got out of the truck and asked the four whether they were Sure[ñ]o gang members. Gandarilla was a founder of a local Sure[ñ]o gang, the [R.] brothers may have been former gang members, and [Luis] was not gang affiliated. After a general denial that they were gang members, Gandarilla asked, 'What are you gonna do if we are Sure[ñ]os?' In response, Prado reached into the truck, pulled out a long-barreled firearm, fatally shot Gandarilla, and seriously injured Carlos [R.] and [Luis]. Before he was shot, Carlos [R.] pulled a loaded flare gun

---

[1] Undesignated statutory references are to the Penal Code.

[2] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

from his pocket and tried to fire it at the shooter, but he dropped it when he was injured. It was uncertain whether the flare gun fired or hit anyone. [Defendant] and Prado then drove off and abandoned the truck after attempting to burn it by igniting some papers inside the cab. Minor damage to the pickup resulted." (*People v. Prado* (Mar. 7, 2012, F060754) [nonpub. opn.].)

As we further explained in a subsequent appeal:

"As a result of the foregoing, defendant was convicted of premeditated murder that was intentional, committed while an active participant in a criminal street gang, and committed for the benefit of a criminal street gang (Pen. Code, §§ 186.22, subd. (b)(1), 187, subd. (a), 190.2, subd. (a)(22)), three counts of premeditated attempted murder committed for the benefit of a criminal street gang (*id*., §§ 186.22, subd. (b)(1), 187, subd. (a), 189, 664), three counts of assault with a firearm committed for the benefit of a criminal street gang (*id*., §§ 186.22, subd. (b)(1), 245, subd. (a)(2)), unlawful taking of a vehicle committed for the benefit of a criminal street gang (*id*., § 186.22, subd. (b)(1); Veh. Code, § 10851, subd. (a)), arson committed for the benefit of a criminal street gang (Pen. Code, §§ 186.22, subd. (b)(1), 451, subd. (d)), and active participation in a criminal street gang (*id*., § 186.22, subd. (a)). It was found true that he was 16 years of age or older when he committed the offenses. ([Welf. & Inst. Code,] § 707, former subd. (d)(1).) [Citation.] He was sentenced to life in prison without the possibility of parole (LWOP) plus 90 years to life, with a determinate term totaling eight years eight months. [Citation.]

"On appeal, we corrected defendant's sentence on the premeditated attempted murder counts to provide for a term, on each count, of life imprisonment with a minimum parole eligibility period of 15 years. We also directed that the abstract of judgment be corrected with regard to certain fees and fines. In all other respects, we affirmed the judgment. [Citation.]

"On May 15, 2015, defendant filed a petition for writ of habeas corpus in the California Supreme Court. ([Perez (Jesse) on H.C., Case No. S226492].) The Attorney General conceded defendant was entitled to a resentencing hearing pursuant to *People v. Gutierrez* (2014) 58 Cal.4th 1354 [no presumption in favor of LWOP in sentencing 16- or 17-year-old offender for special circumstance murder]), and the high court issued an order to show cause, returnable before the superior court. [Citation.]

3.

"While defendant was pending reconsideration of resentencing, his attorney filed on his behalf a petition for writ of habeas corpus, asserting defendant's first degree murder conviction should be reversed pursuant to the holding of *People v. Chiu* (2014) 59 Cal.4th 155 [aider and abettor cannot be convicted of first degree premeditated murder under natural and probable consequences doctrine].) The People conceded reversal of the murder conviction was required, and the court subsequently ordered that conviction vacated.

"On November 8, 2016, voters enacted Proposition 57. It went into effect the next day. (Cal. Const., art. II, § 10, former subd. (a).) Insofar as we are concerned, it eliminated the People's ability to initiate criminal cases against juvenile offenders anywhere but in juvenile court. It also removed the presumption of unfitness that attached to the alleged commission of certain offenses. (See generally §§ 602, 707, subds. (a) & (b).)

"On November 22, 2016, defendant was resentenced. His murder conviction was reduced to second degree murder, the People having elected not to retry him for first degree murder. Insofar as is pertinent, he asked that the case be sent to juvenile court for a retroactive fitness hearing pursuant to Proposition 57. The court stated it did not 'have the guidance to do anything in that regard' at that moment, but was 'open to further reconsideration.' It then proceeded to sentence defendant to a total indeterminate sentence of 60 years to life in prison plus a determinate term of eight years eight months. It also imposed various fees, fines, and assessments." (*People v. Perez* (Nov. 20, 2018, F074753) [nonpub. opn.] (*Perez*)[3].)

Defendant once again appealed, arguing he was entitled to have his convictions and sentence vacated and the matter remanded to the juvenile court for a juvenile transfer hearing. (Welf. & Inst. Code, § 707.) We conditionally reversed the convictions and sentence and remanded to the juvenile court with directions to conduct a juvenile transfer hearing. In the event the juvenile court determined on remand that it would have transferred defendant to a court of criminal jurisdiction, we directed that defendant's convictions and sentence be reinstated as of that date, and we directed the trial court to

---

[3] We grant defendant's unopposed motion for judicial notice of the opinion in *Perez.* (Evid. Code, §§ 452, 459, subd. (a).)

prepare an amended abstract of judgment amending the fines previously imposed. (*Perez, supra*, F074753.)

On March 8, 2019, defendant filed in the criminal court a petition for resentencing pursuant to former section 1170.95, now renumbered section 1172.6. On March 20, 2019, the criminal court determined it did not have jurisdiction over the matter. Defendant withdrew the resentencing petition "without prejudice."

The juvenile court eventually held a transfer hearing and ordered the case returned to criminal court.

On December 15, 2021, proceedings resumed in the criminal court. The court amended the restitution fine as previously directed by this court and updated defendant's custody credits but otherwise reimposed the sentence previously imposed.

This timely appeal followed.

## DISCUSSION

### I. Assembly Bill No. 518

Defendant contends he is entitled to remand for resentencing pursuant to section 654, as amended by Assembly Bill No. 518. The People concede remand is required. We agree.

Prior to its amendment by Assembly Bill No. 518, section 654 provided, in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." (§ 654, former subd. (a).) Assembly Bill No. 518 amended section 654 effective January 1, 2022, to provide, in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a).) Thus, a trial court is no longer required to punish a defendant under the offense providing for the longest possible

5.

sentence but may punish a defendant under any one of the applicable offenses. In other words, Assembly Bill No. 518 "provides the trial court new discretion to impose a lower sentence." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.) As the parties agree, Assembly Bill No. 518 applies retroactively to defendant's case. (See *People v. Mani*, at p. 379; *In re Estrada* (1965) 63 Cal.2d 740, 744–746.)

Under the law in effect at the time of sentencing, the court sentenced defendant on each count of premeditated attempted murder (counts 2, 3, and 4) to a term of 15 years to life. On each count of assault with a firearm as to the same victims (counts 5, 6, and 7), the court sentenced defendant to the upper term of four years, plus an additional five-year term on each count for the gang enhancement, stayed under section 654. Additionally, for the count of active participation in a criminal street gang (count 11), the court imposed an upper-term sentence of three years, stayed pursuant to section 654.[4]

With the passage of Assembly Bill No. 518, the court now has discretion to choose to stay the longer term or terms and impose a lower sentence. As the People concede, the appropriate remedy is to remand for resentencing in light of Assembly Bill No. 518's amendments to section 654. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) We agree with the People that, in this circumstance, a full resentencing is appropriate. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "]; see also *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"].)

---

[4] In addition, the court sentenced defendant on count 1 to a term of 15 years to life; on count 8 to a term of eight months, plus an additional one-year term for the gang enhancement; and on count 9 to a term of two years, plus an additional five-year term for the gang enhancement.

## II.  Senate Bill No. 567

Defendant also contends he is entitled to resentencing in light of Senate Bill No. 567 because the court sentenced him to upper or middle term sentences on counts 5, 6, 7, 9, and 11.  Because we have already determined the matter must be remanded for full resentencing, we need not reach this issue.

Prior to its amendment by Senate Bill No. 567, section 1170 provided, in relevant part: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, former subd. (b).)  "Senate Bill [No.] 567 amended section 1170, subdivision (b) to specify that, when a sentencing court chooses a term from a statutory triad, the chosen term shall not exceed the middle term, unless the facts supporting the aggravating circumstances are (1) established by the defendant's stipulation to them, (2) proven to a jury (or to a court, if jury is waived) beyond a reasonable doubt, or (3) based on prior convictions evidenced by a certified record of conviction." (*People v. Jones* (2022) 79 Cal.App.5th 37, 44.)  In addition, Senate Bill [No.] 567 added a provision that requires the court to impose the lower term if the defendant was under 26 years of age on the date the offense was committed, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6)(B); see § 1016.7, subd. (b).)

We have already determined that defendant is entitled to a full resentencing pursuant to Assembly Bill No. 518.  Upon remand, the trial court may revisit all its prior sentencing decisions under new legislation, including Senate Bill No. 567. (See *People v. Jones*, *supra*, 79 Cal.App.5th at pp. 43-46.)  We therefore need not decide whether Senate Bill No. 567 independently requires remand for resentencing.  Defendant may raise his arguments regarding Senate Bill No. 567 on remand.

7.

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing. In all other respects, we affirm.